Filed 4/24/14  P. v. Szymulewski CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C075012 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12265) |
| v. | |
| FRANK JOSEPH SZYMULEWSKI, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Frank Joseph Szymulewski asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

1

BACKGROUND

On January 31, 2013, defendant pled no contest to one count of possession of heroin and was placed on Proposition 36 drug treatment probation.[1] On May 30, 2013, defendant admitted violating terms of his probation.

On August 22, 2013, the parties agreed that defendant would opt out of his Proposition 36 drug treatment and would be sentenced to two years for the possession of heroin conviction, with that term to run concurrent with a "four-year split sentence" he was then serving in Sutter County, i.e., two years in jail followed by two years on supervised probation. Defendant's counsel also represented to the court that defendant had been told by Sutter County that his two-year jail term "could be modified into a program," which defendant understood would permit him to be released from jail at "roughly the same time" in both the present and Sutter County case.

On October 15, 2013, the matter came on for sentencing. Defense counsel argued that defendant had miscalculated his Sutter County release date, which was earlier than he believed it would be, and defendant was hoping that the court and the prosecutor would agree to shorten his county jail time in the present case. The court declined to do so and sentenced defendant to two years, that term to run concurrently with the term defendant was then serving in Sutter County. The court credited defendant with 156 days of presentence custody credit and imposed fines and fees as set forth in detail in the abstract of judgment.

STATEMENT OF FACTS

On May 11, 2012, Marysville police officers were conducting an area check at the Hollywood Trailer Park when they encountered defendant, whom they knew was on

---

[1] The trial court also ordered defendant's existing probation in three other cases be terminated.

searchable probation.  A search of defendant disclosed a plastic bag containing .71 grams of heroin.

## DISCUSSION

We appointed counsel to represent defendant on the appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.  We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                                              HULL                    , J.



We concur:


          BLEASE              , Acting P. J.



          MAURO              , J.


3